UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| ARLEN FOSTER and CINDY FOSTER, <br><br> Plaintiffs, <br><br> v. <br><br> THE UNITED STATES DEPARTMENT OF AGRICULTURE; TOM VILSACK, in his official capacity as Secretary of the United States Department of Agriculture; THE NATURAL RESOURCES CONSERVATION SERVICE; TERRY COSBY, in his official capacity as Acting Chief of the Natural Resources Conservation Service; and LAURA BROYLES, in her official capacity as Acting South Dakota State Conservationist, <br><br> Defendants. | Case No. 4:21-cv-04081-RAL |

## JOINT DISCOVERY REPORT

Pursuant to this Court's August 9, 2021 order, the parties jointly file this written report outlining and proposing a briefing schedule for this case.

**A. Date and Place of the Meeting and Identification of Those Present**

The Rule 26(f) meeting was held on August 31 via telephone. Plaintiffs were represented by Jeffrey McCoy and Christopher Sommers. Paige Gilliard, an attorney at Pacific Legal Foundation, was also present. Defendants were represented by Alison Ramsdell and Paul Freeborne, of the United States

1

Attorney's Office and the Environment and Natural Resources Division of the United States Department of Justice, respectively.

B. Description of the Case

**Plaintiffs' Statement**:  The Plaintiffs challenge the Defendants' application and enforcement of the Highly Erodible Land and Wetland Conservation Provisions, 16 U.S.C. § 3801, *et seq*. (Swampbuster Act) and related regulations. In 2011, Defendants Natural Resources Conservation Service (NRCS) and United States Department of Agriculture (USDA) certified a determination that the Plaintiffs' property contains a federally regulated wetland. In August 2017 and again in May 2020, Plaintiffs submitted requests that NRCS review the 2011 Certification. In both cases, the NRCS sent letters to the Plaintiffs denying the request to review the 2011 certification. The NRCS's letters did not provide any appeal rights of the NRCS's refusals to review the 2011 certification.

Plaintiffs bring this case under 5 U.S.C. § 702 (judicial review of agency action) and 28 U.S.C. § 1331 (civil action arising under laws of the United States). Plaintiffs allege five claims for relief. The First Claim alleges that the Swampbuster Act violates the Commerce Power and the Tenth Amendment and violates the unconstitutional conditions doctrine. The Second Claim alleges that Defendants' Review Regulation was not in effect under the Congressional Review Act. The Third Claim for Relief alleges that Defendants' Review Regulation violates the Swampbuster Act and the Due Process Clause of the U.S. Constitution. The Fourth Claim for Relief alleges that the Defendants' 2017 and 2020 Denials of Plaintiffs'

2017 and 2020 Requests for review of the 2011 Certification are arbitrary and capricious, unlawfully withheld agency action, and/or otherwise contrary to law. The Fifth Claim for Relief alleges that the 2011 certification is no longer valid or in effect as a result of the 2017 and/or 2020 requests for review.

**Defendants' Statement**: The Complaint sets forth five claims. Claim One presents a facial constitutional challenge to the Swampbuster Act under the Commerce Clause and Tenth Amendment. Claim Two presents a challenge to the agency's regulations governing the review of NRCS wetland certifications, alleging that the regulations did not undergo review pursuant to the Congressional Review Act. Claim Three alleges that the agency's regulations governing the review of NRCS wetland determinations violates the Swampbuster Act. Claim Four alleges that NRCS purportedly denied Plaintiffs' 2017 and 2020 requests that NRCS review the 2011 Certification previously upheld by the Eighth Circuit. *See Foster v. Vilsack*, 820 F.3d 330 (8th Cir. 2016), *cert denied*, 137 S. Ct. 620 (2017). And Count Five requests that the Court rule that the 2011 certification is no longer valid because of Plaintiffs' 2017 and 2020 requests for review. Defendants anticipate moving to dismiss Plaintiffs' claims on various jurisdictional and other threshold grounds, including failure to exhaust administrative remedies and the lack of reviewable "final agency action" under the Administrative Procedure Act (APA), as well as moving on the merits, as each of the claims presented in this action fail as a matter of law.

### C. Pleadings

The parties agree that all pleadings have been filed and no party anticipates the need to amend any pleadings. Jury trial is unavailable in this case.

### D. Initial Discovery Plan

**Plaintiffs' Statement**: The parties have not made initial disclosures. This case arises under the Administrative Procedure Act and, if necessary, will be resolved on the administrative record.

**Defendants' Statement**: Defendants agree that initial disclosures are not appropriate in this case. But, the basis is different than what Plaintiffs' state above: As discussed, four out of the five claims presented in the Complaint are facial challenges that the parties agree can be resolved without discovery or any factual development whatsoever. Federal Defendants therefore disagree that an administrative record is either necessary or appropriate for such claims, at any juncture. "A facial challenge to a statute or regulation is independent of the individual bringing the complaint and the circumstances surrounding his or her challenge." *Preminger v. Sec'y of Veterans Affairs*, 517 F.3d 1299, 1311 (Fed. Cir. 2008) (citing *Griffin v. Sec'y of Veterans Affairs*, 288 F.3d 1309, 1317 (Fed. Cir. 2002)). Indeed, to prevail on a facial constitutional challenge to the statute and regulations here, Plaintiffs must "establish that no set of circumstances exists" under which the statute or regulations would be valid. *United States v. Salerno*, 481 U.S. 739, 745 (1987); *see also Reno v. Flores*, 507 U.S. 292, 301 (1993) (recognizing that showing applies equally to facial constitutional and statutory

challenge to regulations). An administrative record is thus not necessary to resolve Plaintiffs' facial challenges, including the various facial challenges to the regulation at 7 C.F.R. § 12.30(c)(6). *Am. Bankers Ass'n v. Nat'l Credit Union Admin.*, 271 F.3d 262, 266 (D.C. Cir. 2001). Plaintiffs' facial challenges can and should instead be adjudicated based upon the statute and legislative history, alone. *Id.* In paragraph 89 of the Complaint, Plaintiffs appeared to agree that such claims can be adjudicated with "[n]o factual development" and resolved as a matter of law.

The only claim in the Complaint that could potentially require an administrative record is Count Four, which contends that NRCS's purported denial of the 2017 and 2020 requests for review was arbitrary and capricious. To date, however, Plaintiffs have failed to exhaust their administrative remedies in obtaining a final agency decision regarding the NRCS response challenged in Count Four. NRCS makes the technical wetland determinations, delineations, and certifications under these statutory and regulatory criteria. 16 U.S.C. § 3822(j); 7 C.F.R. § 12.30(a)(3). NRCS determinations are subject to appeal, including to the National Appeals Division (NAD) and to the NAD Director. 7 C.F.R. § 12.12; 7 C.F.R. part 614. For that reason, it is the NAD Director's decision—not the NRCS's initial determination or the hearing officer's decision—that represents the "final agency action" subject to review under the APA. *Bartlett v. United States Dep't of Agric.*, 716 F.3d 464, 470 (8th Cir. 2013) ("Notwithstanding the other avenues of administrative appeal, only 'final determination[s]' by the NAD are 'reviewable and enforceable' by district courts."). 7 U.S.C. § 6999; 7 C.F.R. § 11.13(a)"); *see also* 7 C.F.R. § 614.17. By

5

failing to appeal either NRCS response to NAD and the NAD Director, Plaintiffs failed to exhaust their administrative remedies. Federal Defendants will, therefore, include further argument on this Count in briefing.

### E. Discovery Plan

**Plaintiffs' Statement**: The parties have conferred and believe that this case can be resolved on cross-motions for summary judgment prior to the filing of the administrative record. Defendants believe the Court can resolve all claims in its favor on summary judgment. Plaintiffs believe that the resolution of some of its claims may require Defendants to produce an administrative record, but that the Court does not need to resolve those claims to enter judgment in Plaintiffs' favor. As for the fourth claim for relief, Plaintiffs allege that "the Defendants' 2017 and 2020 Denials of Plaintiffs' 2017 and 2020 Requests for review of the 2011 Certification are arbitrary and capricious, unlawfully withheld agency action, and/or otherwise contrary to law." Complaint ¶ 141. Claims alleging that an agency is unlawfully withholding action are not subject to exhaustion requirements. *See, e.g.*, *Minier v. Cent. Intel. Agency*, 88 F.3d 796, 799 n.2 (9th Cir. 1996). In any event, there is a final decision this Court can review. Under 7 C.F.R. § 12.30(c)(6), it is the NRCS that makes the final decision whether or not to accept a request to review a previous wetlands delineation. That the NRCS makes the final decision to not review a request is reflected in the NRCS's August 2017 and May 2020 letters to the Plaintiffs, which do not provide any appeal rights of the NRCS's determination. Regardless, both parties have agreed to stay the production of the administrative

6

record until after this Court decides the cross-motions for summary judgment and Defendants will produce the record if the case is not resolved at that stage.

**Defendants' Statement**:  Defendants do not agree that an administrative record is appropriate to resolve Plaintiffs' facial challenges, at any juncture.  As discussed above, the only Count that could potentially require an administrative record is Count Four.  Because Plaintiffs failed to exhaust their administrative rights of appeal, and to obtain a reviewable "final agency decision," however, the Court lacks subject-matter jurisdiction to hear that claim.   Finally, as reflected in the schedule below, Federal Defendants intend to file a motion to dismiss, not summary judgment, based upon this and other threshold deficiencies in the Complaint—and  on the merits.

### F. Dispositive Motions.

The Parties propose the following briefing schedule and word limit for dispositive motions:

- Defendants' dispositive motion (12,000 words) due on or before November 8, 2021.

- Plaintiffs' combined response and cross-motion (16,000 words) due on or before December 23, 2021.

- Defendants' combined response and reply in support of its dispositive motion (16,000 words) due on or before February 14, 2022.

- Plaintiffs' reply (8,000 words) due on or before March 16, 2022.

## G. Settlement

Plaintiffs sent a written settlement offer on August 27, 2021. Federal Defendants will respond to this letter. Settlement is unlikely in this matter.

DATED: September 22, 2021.

                                      Respectfully submitted,

                                      /s/ *Christopher Sommers*
CHRISTOPHER SOMMERS
Redstone Law Firm LLP
1300 W. 57th Street, Suite 101
Sioux Falls, SD 57108
Telephone: (605) 444-2801
Email: chris@redstonelawfirm.com

JEFFREY W. McCOY *
Cal. Bar No. 317377
Pacific Legal Foundation
930 G Street
Sacramento, CA 95814
Telephone: (916) 419-7111
Email: JMcCoy@pacificlegal.org
* *Pro Hac Vice*

*Counsel for Plaintiffs*

DENNIS R. HOLMES
Acting United States Attorney

*Alison J. Ramsdell*
Alison J. Ramsdell
Assistant U.S. Attorney
P.O. Box 2638
Sioux Falls, SD 57101-2638
(605) 330-4400
Alison.Ramsdell@usdoj.gov

TODD KIM
Assistant Attorney General
Environment & Natural Resources Division
U.S. Department of Justice

PAUL G. FREEBORNE
Trial Attorney
Natural Resources Section
150 M St. NE
Washington, D.C. 20002
(202) 532-5271
paul.freeborne@usdoj.gov

*Counsel for Federal Defendants*