UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| ARLEN FOSTER and CINDY FOSTER,<br><br>　　　Plaintiffs,<br><br>v.<br><br>THE UNITED STATES DEPARTMENT OF AGRICULTURE; TOM VILSACK, in his official capacity as Secretary of the United States Department of Agriculture; THE NATURAL RESOURCES CONSERVATION SERVICE; TERRY COSBY, in his official capacity as Acting Chief of the Natural Resources Conservation Service; and LAURA BROYLES, in her official capacity as Acting South Dakota State Conservationist,<br><br>　　　Defendants. | 4:21-cv-04081-RAL<br><br><br><br>**DECLARATION OF<br>DEKE HOBBICK** |

　　　I, Deke Hobbick, hereby declare as follows:

　　　1.　　　I am the Assistant State Conservationist for Compliance for the Natural Resources Conservation Service (NRCS), South Dakota State Office, stationed in Huron, South Dakota. I have held this position from June 24, 2018 to the present. Previously, I was the Acting Assistant State Conservationist for Compliance, from December 10, 2017 to June 24, 2018, and a NRCS Resource Conservationist for wetland compliance, from approximately January 17, 2010 to December 9, 2017. I also was a NRCS District Conservationist from October 2008 to January 16, 2010 and a NRCS Soil Conservation Technician from May 2006 to October 2008.

　　　2.　　　As the Assistant State Conservationist for Compliance, I am responsible for all NRCS Highly Erodible Land and Wetland Conservation activities conducted within South

1

Dakota. My duties include supervising, training and directing the South Dakota Compliance Team (the team responsible for conducting certified wetland determinations for Food Security Act purposes), preparing Final Technical Wetland Determinations for the State Conservationist, completing State Conservationist reviews of Final Technical Wetland Determinations as requested by the Farm Service Agency, evaluating requests for review of final certified wetland determinations submitted by farm program participants, ensuring completion of Food Security Act status reviews, conducting quality assurance reviews on all activities completed by the South Dakota Compliance Team, and writing State Office policy for operation of Highly Erodible Land and Wetland Conservation in South Dakota and State Office policy for the Compliance Team.

3. Due to the nature of my official duties, I implement and supervise the processes and procedures the NRCS South Dakota State Office follows in responding to requests for review of a certified wetland determination.

4. Requests for review are commonly received at the local field office, but may be received at the State Office. When requests for review are received, they are forwarded to me if I am not the original recipient. First, I examine the request to see if it contains information or data demonstrating that one of the regulatory conditions for granting a request are met – either that there has been a natural event that has changed the topography or hydrology of the site, or that an error exists in the current wetland determination. If such information has been presented, I then compare that information with what is in the NRCS case file or record for the existing determination. In the first case, if the information presented provides evidence that a natural event has changed the topography or hydrology of the site from the conditions that are described in the record, and thus the conditions that the existing determination was based on, then I

recommend that the request for review be granted. In cases where information is provided which may prove that an error exists in the current wetland determination, I compare the information or data presented in the request with the information in the record that underlies the final certified wetland determination to determine if it presents anything new that has not already been considered or if it identifies a potential error in the wetland determination. If new information reveals an error in the existing determination, then I recommend that the request for review be granted. The recommended response to each request for review is then forwarded to the NRCS State Conservationist for evaluation before it is issued. If the State Conservationist concurs with my recommendation that the request for review be granted, then the State Conservationist notifies the requesting person that their request has been granted. The requesting person is also notified that they must fill out a Form AD-1026, Highly Erodible Land Conservation (HELC) and Wetland Conservation (WC) Certification with the Farm Service Agency. This form generates a request for a new certified wetland determination for the area in question, which will be issued as a preliminary technical determination with appeal rights.

5.   As part of my official duties, I oversaw NRCS's response to the 2020 request for review that I understand is at issue in this litigation. As part of my official duties, I was generally aware that there was a final certified wetland determination for the Foster property issued by NRCS in 2011, and that determination was the subject of an appeal to the USDA National Appeals Division ("NAD"), NAD Director, and subsequent judicial review.

6.   This 2020 request for review was initiated by a letter, dated August 29, 2019, from Arlen Foster and Cindy Foster that was hand-delivered to the NRCS State Office. (Foster Request for Review (FRR) 000011-016.) The State Conservationist at the time, Jeffrey Zimprich, gave me this letter a day or two later and asked me to review their request. I sent

Arlen and Cindy Foster a letter, dated October 9, 2019, explaining the process our office follows when responding to requests for review and that there would be a delay in reviewing their request due to competing workload demands. (FRR 000017.) In January 2020, I exchanged several emails with Arlen Foster and Joel Toso from Wenck, who the Fosters retained to assist them in the review process, regarding the Fosters' request for review. (FRR 000018-021.) In these emails, I once again explained the general process our office follows in reviewing a request to review a final certified wetland determination. No technical details regarding the existing Foster determination, or what specifically would be required to justify the request for review, were discussed in the email exchanges. On April 21, 2020, I received an email and letter from Mr. Toso regarding the Fosters' request. (FRR 000022-037.) I responded to this email by informing Mr. Toso that I considered his email and letter as supplemental information to the Fosters' August 29, 2019 request for review. (FRR 000036-037.)

      7.      In reviewing the Fosters' 2020 request for review of the agency's final certified wetland determination, I reviewed the original information submitted by the Fosters in 2019 and the supplemental information received in 2020. Their request asserted that the area in question should be considered an artificial wetland, as defined in 7 C.F.R. § 12.2 (definition of wetland determination, artificial wetland). I reviewed the information and data that underlies the 2011 final wetland certification and observed that NRCS previously considered, on multiple occasions, whether or not a nearby shelter belt was causing an artificial wetland. I also observed that the information submitted with the 2020 request included newly created data in the engineer's report and conclusions based on that data; however, the data and conclusions appeared to be based upon the same artificial wetland argument that the agency had considered and rejected in connection with the 2011 determination and subsequent administrative and

judicial review.

8. The 2020 request also did not assert that there had been a natural change in the topography or hydrology of the area in question.

9. As a result of my review of the 2020 request and NRCS records, I recommended that the State Conservationist respond to the request by stating that NRCS was unable to determine whether any of the conditions identified in 7 C.F.R. § 12.30(c)(6) governing requests for review of a final certified wetland determination applied. I understand that the State Conservationist provided that response to the Fosters in a letter dated May 14, 2020. (FRR 000038-040.) The Fosters have not provided any further information that would permit review under the conditions set forth in 7 C.F.R. § 12.30(c)(6).

10. Attached hereto as Exhibit A is a true and accurate copy of the administrative record in support of the 2011 final wetland certification, documents associated with the administrative and judicial review of that certification, and documents maintained in the agency's files regarding the Fosters' requests for review of the 2011 certification that followed the administrative and judicial review of the certification..

11. The information contained in this declaration is accurate to the best of my current knowledge.

12. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, to the best of my knowledge and belief.

Executed this 15 day of November, 2021.

*[signature]*

Deke Hobbick
Assistant State Conservationist for Compliance
Natural Resources Conservation Service
United States Department of Agriculture

5