UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| ARLEN FOSTER and CINDY FOSTER, <br><br> Plaintiffs, <br><br> v. <br><br> THE UNITED STATES DEPARTMENT OF AGRICULTURE; TOM VILSACK, in his official capacity as Secretary of the United States Department of Agriculture; THE NATURAL RESOURCES CONSERVATION SERVICE; TERRY COSBY, in his official capacity as Acting Chief of the Natural Resources Conservation Service; and LAURA BROYLES, in her official capacity as Acting South Dakota State Conservationist, <br><br> Defendants. | Case No. 4:21-cv-04081-RAL |

**PLAINTIFFS' STATEMENT OF MATERIAL FACTS
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

1

Pursuant to D.S.D. Civ. LR 56.1(A), Plaintiffs Arlen and Cindy Foster ("the Fosters") submit this following statement of undisputed material facts:

1. The Fosters' farm has been in the family since the early 1900s. Administrative Record ("AR") (attached to Declaration of Deke Hobbick, Doc. Nos. 24–32) at 000106.

2. Around 1936, Arlen's father developed a tree belt along the south edge of the farm field. AR000106.

3. At the time the tree belt was developed, the then-recently established Soil Conservation Service, which is the Defendant agency now called the Natural Resources Conservation Service ("NRCS"), encouraged planting tree belts as a conservation measure. Complaint ¶ 22; Answer ¶ 22.

4. NRCS still encourages the development of tree belts to prevent erosion. Complaint ¶ 23; Answer ¶ 23.

5. Snow accumulates under the tree belt during South Dakota's stormy winters and in Spring the snow melts and drains northward across the field adjacent to where the tree belt was developed. AR000013–14; AR000022–23.

6. Over the decades since the tree belt was developed, melted snow from the tree belt ponds for periods of time in the field. AR000013–14; AR000023–24.

7. The pool of water is approximately 0.8 acres, and approximately 8.5 inches (0.7 feet) deep. AR000268.

8. The tree belt is the primary source of the water that creates the pool at issue here. AR000014; AR000022.

9. Because the pool receives additional snow melt from the adjacently developed tree belt, it does not dry out at the same pace as the surrounding field. AR000023.

10. In roughly half the years, the pool dries out soon enough so that its soil is dry enough to support the use of farm equipment at the same time as the rest of the field. *See* AR000268 (noting that in 2003, the NRCS used remote sensing and determined there was a wetland signature in 5 of 9 years).

11. In some years with higher snowfall, however, the water does not dry out fast enough to allow the use of farm equipment in and around it in time to plant a crop. AR000023.

12. In these "wetter years," the Fosters are unable to produce an agricultural crop either in the pool or the surrounding portions of the field unless they were to drain the water to speed up its "drying out." *See* AR000023.

13. Because Defendants have previously determined that this pool was a naturally occurring wetland under Swampbuster, the Fosters cannot drain it without losing access to various programs authorized by the United States Congress and administered through various agencies of Defendant USDA. Complaint ¶ 2; Answer ¶ 2.

14. Without eligibility for and participation in these programs, the Fosters, like many other farmers, would have difficulty making a living farming their land. *See United States v. Dierckman*, 201 F.3d 915, 917 (7th Cir. 2000) (Dierckman declared ineligible for all USDA benefits by USDA for alleged violation of Swampbuster); *B & D*

*Land & Livestock Co. v. Veneman*, 332 F. Supp. 2d 1200, 1204 (N.D. Iowa 2004) (Plaintiffs faced with total loss of USDA benefits from the year of the alleged violation onward).

15. Defendant NRCS first completed a wetland certification for the Fosters' farm in 2004 and determined that the pool of water and other areas of the field in question were wetlands whose use was restricted by Swampbuster. AR000378.

16. In 2008, the Fosters requested a review of the 2004 delineation by presenting to NRCS new information about the hydrology of the area and filing form AD-1026. AR000376; AR000267; AR000102.

17. NRCS agreed to review the 2004 certification. AR000267.

18. The review process took several years, with NRCS sometimes rescinding its initial determination and starting its review over from the beginning. AR000267.

19. NRCS certified a new wetland delineation in 2011 and determined that 0.8 acres of the pool is a wetland whose farming use is restricted by Swampbuster. AR000267.

20. The Fosters took an administrative appeal from the 2011 Certification, in which USDA upheld the certification, and then sought judicial review of the 2011 Certification in this Court. AR000265; *Foster v. Vilsack*, 820 F.3d 330 (8th Cir. 2016), *cert. denied*, 137 S. Ct. 620 (2017).

21. This Court and the Eighth Circuit upheld the 2011 Certification on deference grounds. *See generally Foster v. Vilsack*, 820 F.3d 330 (8th Cir. 2016), *cert. denied*, 137 S. Ct. 620 (2017).

22. On June 6, 2017, the Fosters submitted a request under 16 U.S.C. § 3822(a)(4) that NRCS review the 2011 Certification (the "2017 Request"). AR000009.

23. The June 6, 2017, letter requested a review by the Secretary under 16 U.S.C. § 3822(a)(4).

24. In response to the 2017 Request, NRCS stated that the agency would only review the 2011 Certification if the Fosters "supply additional information that has not previously been considered by NRCS." AR000009.

25. The agency expressly denied the Fosters any administrative appeal rights of the agency's decision not to review the 2011 Certification. AR000009.

26. In 2020, the Fosters submitted a new request under 16 U.S.C. § 3822(a)(4) that NRCS review the 2011 Certification (the "2020 Request"). AR000022; AR000038.

27. The 2020 Request included technical reports from Banner Associates and Wenck Associates about how the tree belt affects the hydrology of the pool and concluding that the tree belt is the primary cause of the pool. AR000038; AR000022–35.

28. These reports were new and had never been presented to or considered by the NRCS. AR000022–35; Declaration of Deke Hobbick, Doc. 24 ¶ 4.

29. The information submitted with the 2020 request included newly created data in the engineer's report and conclusions based on that data. Declaration of Deke Hobbick, Doc. 24 ¶ 7.

30. In response to the 2020 request, the agency once again declined to review the 2011 Certification. AR000038.

31. In denying the 2020 request, the State Conservationist for NRCS stated that "[t]he work was reviewed in depth and compared to the agency record. Based upon the evidence you provided, I am unable to determine that any of the conditions [for review] mentioned above for a redetermination apply." AR000038.

32. As with the 2017 response, the 2020 response did not include any administrative appeal rights. AR000038.

33. The 2011 Certification remains in place. AR000038.

34. On September 6, 1996, Defendants USDA and NRCS promulgated a final interim rule with request for comments, interpreting various provisions of the Swampbuster Act. 61 Fed. Reg. 47,019 (Sept. 6, 1996). These regulations are codified at 7 C.F.R. §§ 12.1–12.13 and 12.30–12.34 ("Swampbuster Regulations").

35. A provision of the Swampbuster Regulations provides:

> A person may request review of a certification only if a natural event alters the topography or hydrology of the subject land to the extent that the final certification is no longer a reliable indication of site conditions, or if NRCS concurs with an affected person that an error exists in the current wetland determination.

7 C.F.R. § 12.30(c)(6) ("the Review Regulation").

36. Defendants have not submitted the Review Regulation to Congress or the Comptroller General under the Congressional Review Act. Complaint ¶ 119; Answer ¶ 119; Fed. R. Civ. P. 8(b)(6) (An "allegation—other than one relating to the

6

amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").

DATED: January 10, 2022.

Respectfully submitted,

/s/ *Christopher Sommers*

| | |
|---|---|
| JEFFREY W. McCOY * | CHRISTOPHER SOMMERS |
| Cal. Bar No. 317377 | Redstone Law Firm LLP |
| Pacific Legal Foundation | 1300 W. 57th Street, Suite 101 |
| 1745 Shea Center Drive, Suite 400 | Sioux Falls, SD 57108 |
| Highlands Ranch, CO 80129 | Telephone: (605) 444-2801 |
| Telephone: (916) 419-7111 | Email: chris@redstonelawfirm.com |
| Email: JMcCoy@pacificlegal.org | |
| * *Pro Hac Vice* | |

*Counsel for Plaintiffs*

7