UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| ARLEN FOSTER,<br><br>                                            Plaintiff,<br><br>v.<br><br>THE UNITED STATES DEPARTMENT OF AGRICULTURE; BROOKE ROLLINS,[1] in her official capacity as Secretary of the United States Department of Agriculture; THE NATURAL RESOURCES CONSERVATION SERVICE; LOUIS ASPEY, in his official capacity as Acting Chief of the Natural Resources Conservation Service; and TONY SUNSERI, in his official capacity as Acting South Dakota State Conservationist,<br><br>                                           Defendants. | Case No. 4:21-cv-04081-RAL |

**PLAINTIFF'S REPLY TO FEDERAL DEFENDANTS' RESPONSE BRIEF ADDRESSING THE IMPACT OF *LOPER BRIGHT*** 

---

[1] In their Response Brief, Defendants stated that pursuant to Federal Rule of Civil Procedure 25(d), Brooke Rollins, Secretary of the United States Department of Agriculture, should be substituted for Tom Vilsack. Docket 72 at 1 n.1. Foster makes that substitution here.

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

    I.   *Loper Bright* requires this Court to engage in a more robust and thorough interpretation of 16 U.S.C. § 3822(a)(4) than it previously employed .............. 1

    II.  This Court should adopt the reasoning of *Branstad III* and *B & D Land and Livestock Co.* ....................................................................................................... 3

CONCLUSION ........................................................................................................................ 6

## TABLE OF AUTHORITIES

### Cases

*B & D Land and Livestock Co. v. Veneman*,
  332 F. Supp. 2d 1200 (N.D. Iowa 2004) .................................................................. 3–5

*Branstad v. Veneman*,
  212 F. Supp. 2d 976 (N.D. Iowa 2002) .................................................................... 3–4

*Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*,
  467 U.S. 837 (1984) ...................................................................................................... 1

*Clark v. U.S. Dep't of Agric.*,
  537 F.3d 934 (8th Cir. 2008) ........................................................................................ 3

*Foster v. Vilsack*, No. CIV. 13-4060-KES,
  2014 WL 5512905 (D.S.D. Oct. 31, 2014), *aff'd*, 820 F.3d 330 (8th Cir. 2016) ...... 5

*Gunn v. U.S. Dep't of Agric.*,
  118 F.3d 1233 (8th Cir. 1997) ...................................................................................... 3

*King v. Burwell*,
  576 U.S. 473 (2015) ...................................................................................................... 5

*Lawson v. FMR LLC*,
  571 U.S. 429 (2014) ...................................................................................................... 2

*Loper Bright Enterprises v. Raimondo*,
  603 U.S. 369 (2024) ................................................................................................... 1–3

*Ohio Telecom Ass'n v. Fed. Commc'n Comm'n*,
  124 F.4th 993 (6th Cir. 2025) ...................................................................................... 2

*Restaurant Law Center v. United States Dep't of Labor*,
  120 F.4th 163 (5th Cir. 2024) ...................................................................................... 1

*Union Pac. Railroad Co. v. United States*,
  865 F.3d 1045 (8th Cir. 2017) ...................................................................................... 3

*Utility Air Regul. Grp. v. EPA*,
  573 U.S. 302 (2014) ...................................................................................................... 5

*Van Buren v. United States*,
  593 U.S. 374 (2021) ...................................................................................................... 2

### U.S. Constitution

U.S. Const. art. I ................................................................................................................ 5

**Statutes**

16 U.S.C. § 3821 ................................................................................................................. 3

16 U.S.C. § 3822(a)(4) ................................................................................................. 3–4, 6

**Regulation**

7 C.F.R. § 12.30(c)(6) ......................................................................................................... 6

**Other Authority**

Eighth Circuit Oral Argument, *Foster v. USDA*, 68 F.4th 372 (8th Cir. 2023),
    http://media-oa.ca8.uscourts.gov/OAaudio/2023/3/222729.MP3 ............................ 4

I. ***Loper Bright* requires this Court to engage in a more robust and thorough interpretation of 16 U.S.C. § 3822(a)(4) than it previously employed**

In *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), the Supreme Court gave lower courts a clear set of instructions for statutory interpretation. A reviewing court must independently arrive at the "best meaning" of the statute by "applying all relevant interpretive tools" and "deploying its full interpretive toolkit." *Loper Bright*, 603 U.S. at 400, 408–09. As Foster has previously explained, "deploying [the] full interpretive toolkit" necessarily includes an analysis of the statutory text at issue, the statute's structure and context, and statutory history. Docket 67 at 13. While this Court and the Eighth Circuit might have wrangled with the statute enough to satisfy the minimum requirements of the old regime under *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), these analyses fall far short of the robust *Loper Bright* standard. *See, e.g.*, *Restaurant Law Center v. United States Dep't of Labor*, 120 F.4th 163, 171 (5th Cir. 2024) (stating that "[w]hile the district court was of course correct to apply the *Chevron* framework at the time of its decision," the subsequent decision "in *Loper Bright* requires us to depart from the district court's analysis from the very start. We must parse the text of the [statute] using the traditional tools of statutory interpretation."). Simply put, the process that led this Court and the Eighth Circuit to find the statute ambiguous is insufficient now that the Court must arrive at the "single, best meaning" of the statute. *Loper Bright*, 603 U.S. at 400.

1

The Sixth Circuit's decision in *Ohio Telecom Ass'n v. Fed. Commc'n Comm'n*, 124 F.4th 993 (6th Cir. 2025), is particularly instructive. There, the court had to decide whether an FCC order was consistent with specific provisions of the Communications Act. The panel explained that under *Loper Bright*, "our task is to determine 'the best reading of the statute' in the first instance." *Id.* at 997 (quoting *Loper Bright*, 603 U.S. at 400). It then applied "the traditional tools of statutory construction," *id.* at 998 (quoting *Loper Bright*, 603 U.S. at 401), including a detailed analysis of the statute's text, structure, and history. *Id.* at 998–1009. The court closely parsed the language at issue, employing dictionaries to discern the meaning of specific terms. *Id.* at 1003–04. Then it considered surrounding provisions to confirm the statute's meaning. *Id.* at 1004 (specifically noting that "[w]hile the statute's language spells trouble for the Government's position, a wider look at the statute's structure gives us even more reason to pause") (quoting *Van Buren v. United States*, 593 U.S. 374, 389 (2021)). Finally, the court looked to the history of the statute, including prior versions of the text, additional statutes, and past agency actions. *Id.* at 1005–09. Neither this Court nor the Eighth Circuit[2] engaged in this sort of careful analysis—which courts were often able to avoid under *Chevron*.

---

[2] Defendants attempt to make much of the fact that the Eighth Circuit mentioned Swampbuster's legislative history. Docket 72 at 3. But as explained in Foster's Supplemental Brief, Docket 67 at 20–21, the key is Swampbuster's statutory history, not its legislative history. *See, e.g.*, *Lawson v. FMR LLC*, 571 U.S. 429, 459–60 (2014) (Scalia, J., concurring) ("Reliance on legislative history rests upon several frail premises . . . [b]ecause we are a government of laws, not of men, and are governed by what Congress enacted rather than by what it intended, the sole object of the interpretative enterprise is to determine what a law *says*."). And the statutory history supports Foster's interpretation, not Defendants'. *See* Docket 67 at 18–21.

In an attempt to save this Court's pre-*Loper Bright* analysis, Defendants appeal to Swampbuster's purpose. Docket 72 at 4–5. But Defendants fail to explain how Foster's interpretation of the statute undermines its purpose. *See Gunn v. U.S. Dep't of Agric.*, 118 F.3d 1233, 1238 (8th Cir. 1997), *and Clark v. U.S. Dep't of Agric.*, 537 F.3d 934, 940–42 (8th Cir. 2008) (describing Swampbuster's purpose). Nor could they. The language of 16 U.S.C. § 3822(a)(4)—without Defendants' atextual restrictions—does not contradict "the general purpose" of Swampbuster to "preserve those wetland characteristics still in existence in 1985." *Gunn*, 118 F.3d at 1238. This is so because the Swampbuster ineligibility provisions apply regardless of whether there is a certified wetland determination, so refusal to reconsider wetland delineations does not further the statute's purpose. *See* 16 U.S.C. § 3821. In any event, a statute's general purpose is just one element to consider, and "vague notions about the statutes' purposes . . . cannot be used to override their actual texts." *Union Pac. Railroad Co. v. United States*, 865 F.3d 1045, 1052 (8th Cir. 2017). *Loper Bright* requires this Court to reconsider its prior decision and "deploy[] its full interpretive toolkit" to arrive at the "best meaning" of 16 U.S.C § 3822(a)(4). *Loper Bright*, 603 U.S. at 408–09. The best reading of the statute is the one Foster advanced in his Supplemental Brief. *See* Docket 67.

## II. This Court should adopt the reasoning of *Branstad III* and *B & D Land and Livestock Co.*

Defendants' attempt to distinguish *Branstad v. Veneman*, 212 F. Supp. 2d 976 (N.D. Iowa 2002) (*Branstad III*) and *B & D Land and Livestock Co. v. Veneman*, 332 F. Supp. 2d 1200 (N.D. Iowa 2004), is unpersuasive. While Defendants are correct

3

that *Branstad III* addressed whether a subsequent landowner could challenge a prior certification, they ignore that the court engaged in a detailed and comprehensive analysis of Swampbuster's text, ultimately concluding that a review request invalidates a prior wetland determination. *Branstad III*, 212 F. Supp. 2d at 997 (quoting the text of 16 U.S.C. § 3822(a)(4) and concluding that "in light of the plain language of the statute,"[3] "a person affected by an existing, certified wetland determination may request that the Secretary review an existing certified determination, which ends the 'validity' of the existing certified determination"). *B & D Land and Livestock Co.* likewise supports Foster's reading of the statute. In that case, the court considered whether a farmer is entitled to review of a certified delineation despite a previous administrative appeal. 332 F. Supp. 2d at 1210. The court analyzed 16 U.S.C. § 3822(a)(4) and found that it "expressly provides" a farmer a "second bite at the apple to challenge the correctness of a wetland determination, *after that determination is 'final' and 'certified,'* when the producer is affected by that wetland determination[.]" 332 F. Supp. 2d at 1215 (emphasis in original). In short, both cases analyzed 16 U.S.C. § 3822(a)(4)—which this Court must do here—and arrived at the same reading of the provision that Foster advances here. Docket 67 at 21–22.

---

[3] Defendants' additional argument that Foster has not pointed to any "plain text" to support his view is incorrect. *Branstad III* and *B & D Livestock Co.* both support Foster's interpretation of the statute, which Defendants conceded in oral argument before the Eighth Circuit. *See* Eighth Circuit Oral Argument, *Foster v. USDA*, 68 F.4th 372 (8th Cir. 2023), http://media-oa.ca8.uscourts.gov/OAaudio/2023/3/222729.MP3; Document 67 at 22.

4

These cases also demonstrate why the government's concern over finality is misplaced. *B & D Land and Livestock Co.* is clear that Swampbuster expressly provides an additional chance to challenge wetland determinations *after* those determinations are final. 332 F. Supp. 2d at 1215. Thus, the ability to challenge final wetland determinations is a feature of the statute. Defendants lack the power to change an express choice of Congress. *See* U.S. Const. art. I; *King v. Burwell*, 576 U.S. 473, 498 (2015) ("In a democracy, the power to make the law rests with those chosen by the people.'); *Utility Air Regul. Grp. v. EPA*, 573 U.S. 302, 328 (2014) (It is a "core administrative-law principle that an agency may not rewrite clear statutory terms to suit its own sense of how the statute should operate.").

Moreover, Defendants' fear that farmers will submit "frivolous" requests is both overblown and ignores the special circumstances that lead Mr. Foster to ask for a second request. During the previous administrative process, the deputy director affirmed NRCS's decision because Mr. Foster did not present any expert testimony. *See Foster v. Vilsack,* No. CIV. 13-4060-KES, 2014 WL 5512905, at *5 (D.S.D. Oct. 31, 2014), *aff'd*, 820 F.3d 330 (8th Cir. 2016). Now, Mr. Foster has that expert testimony to present. And while in other contexts, one would be prevented from making new arguments in a new proceeding, that is not how Congress wrote Swampbuster. Swampbuster's Review Provision "expressly provides a producer a second bite at the apple to challenge the correctness of a wetland determination." *B & D Land & Livestock Co.,* 332 F. Supp. 2d at 1215. Defendants cannot ignore the plain language

5

of the statute based on how it thinks other farmers will use it in circumstances not presented here.

## CONCLUSION

Because Foster advances the best interpretation of 16 U.S.C. § 3822(a)(4), this Court should vacate its prior summary judgment decision upholding the Review Regulation, 7 C.F.R. § 12.30(c)(6), set aside the review regulation, and direct Defendants to accept Foster's request to review the 2011 certification.

DATED: March 17, 2025.

Respectfully submitted,

/s/ Christopher Sommers

| | |
|---|---|
| JEFFREY W. McCOY * | CHRISTOPHER SOMMERS |
| Cal. Bar No. 317377 | Redstone Law Firm LLP |
| Pacific Legal Foundation | 1300 W. 57th Street, Suite 101 |
| 1745 Shea Center Drive, Suite 400 | Sioux Falls, SD 57108 |
| Highlands Ranch, CO 80129 | Telephone: (605) 444-2801 |
| Telephone: (916) 419-7111 | Email: chris@redstonelawfirm.com |
| Email: JMcCoy@pacificlegal.org | |
| * *Pro Hac Vice* | |

*Counsel for Plaintiff*

6